IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Robert Lee Askins, Jr., | ) | Case No. 9:20-cv-02846-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director of the Florence County | ) | |
| Detention Center, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se and in forma pauperis, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On September 3, 2020, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a Return. ECF No. 7. Petitioner filed objections to the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

1

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Petitioner, a pretrial detainee being held on pending state criminal charges, asserts that his Sixth Amendment rights have been violated because he was arrested almost three years ago and because he has not been able to face his accuser and obtain witnesses; that his Fifth and Fourth Amendment rights have been violated because he is allegedly serving his sentence without being convicted, he has not been given a speedy trial, and his counsel refuses to assist him in filing motions to obtain a speedy trial and reasonable bail; and that his Eighth Amendment rights have been violated because his bond was set excessively high. ECF No. 1. The Magistrate Judge recommends dismissal of Petitioner's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner objects to the recommendation and generally argues that there are extraordinary circumstances present in this case.

The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates into this Order by reference. Generally, a federal court must abstain from exercising federal jurisdiction when to do so would

interfere with a pending state criminal proceeding. *Younger*, 401 U.S. at 44 (holding that a federal court must abstain from enjoining a state criminal proceeding); *see also Samuels v. Mackell*, 401 U.S. 66 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution). *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). Exceptions to *Younger* abstention apply only where there is a showing that (1) "bad faith or harassment by state officials responsible for the prosecution; (2) the state laws to be applied in the criminal proceeding are flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Id.* (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)) (internal quotations omitted).

Upon de novo review of the Report, the record in this case, and the applicable law, the Court agrees with the recommendation of the Magistrate Judge and overrules Petitioner's objections. As explained in more detail by the Magistrate Judge, abstention

under *Younger* is warranted in this action absent a showing of "special circumstances."[1] *See* ECF No. 7 at 4–7. Petitioner may raise his present claims in state court both during and after trial; accordingly, he fails to demonstrate "special circumstances" to justify intervention in an ongoing state criminal proceeding or show that he has no adequate remedy at state law and will suffer irreparable injury if his request for relief is denied.

Based on the forgoing, the Court adopts the recommendation of the Magistrate Judge. The Petition is **DISMISSED** without prejudice and without requiring Respondent to file a return.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 16, 2020
Spartanburg, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The Magistrate Judge notes that "[w]hile 'special circumstances' lacks any precise, technical meaning, counsel have essentially looks to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention; thus, where a threat to the petitioner's rights may be remedied by an assertion of appropriate defense in state court, no special circumstance is shown." ECF No. 7 at 5 (citing *Moore v. DeYoung*, 515 F. 2d 437, 449 (3rd Cir. 1975); *Drayton v. Hayes*, 589 F. 2d 117, 121 (2nd Cir. 1979)).